UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
In re                                         :    Case No. 19-46322-ess
                                              :
KOREAN RADIO BROADCASTING, INC.,              :    Chapter 7
                                              :
                 Alleged Debtor.              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**KOREAN RADIO BROADCASTING, INC.'S REPLY TO PETITIONING CREDITOR'S
OBJECTION TO MOTION TO DISMISS INVOLUNTARY BANKRUPTCY PETITION**

**TO THE HONORABLE ELIZABETH S. STONG, Bankruptcy Judge**

Korean Radio Broadcasting, Inc., the alleged debtor herein (the "Alleged Debtor" or "KRB"), hereby submits this reply to the sole objection (the "Objection" or "Obj."), filed by Multicultural Radio Broadcasting, Inc., the sole petitioning creditor herein (the "Petitioning Creditor" or "MRB"), to the Alleged Debtor's motion, made pursuant to Sections 303, 305 and 707 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended (the "Bankruptcy Code") and 28 U.S.C. § 1331(c) to dismiss the above-captioned bankruptcy case (the "Motion"), and, in support of its reply, the Alleged Debtor respectfully states as follows:.

## BACKGROUND

1. The Petitioning Creditor filed an involuntary petition against the Alleged Debtor on October 21, 2019 (the "Involuntary Petition"). (ECF No. 1). On November 13, 2019, the Alleged Debtor filed the Motion, seeking an order dismissing the bankruptcy case commenced by the filing of the Involuntary Petition, for cause under Section 707(a) of the Bankruptcy Code. Alternatively, this Alleged Debtor asked that the Court abstain from the case under Section 305 of the Bankruptcy Code to allow proceedings for the Alleged Debtor's assignment for the benefit

of creditors (the "ABC"), pending in the Supreme Court of the State of New York, County of Queens (the "State Court"), to proceed. The grounds for the relief sought and the legal basis therefor are set forth in detail in the Motion. (ECF No. 11-1).

2. On December 5, 2019, the Petitioning Creditor filed its Objection to the Alleged Debtor's Motion to Dismiss, which is the only objection that has been made to the Motion. As argued below, the Objection based on a misunderstanding or mischaracterization of the relevant facts, is not supported by authority, and otherwise lacks merit, and, accordingly, should be overruled and the Motion should be granted.

## **ARGUMENT**

3. MRB correctly states that KRB and its non-debtor affiliate NY Metro Radio Korea, Inc. ("NY Metro Radio") executed a joint assignment for the benefit of creditors, and that KRB and NY Metro Radio appointed William A. Brandt, Jr., as the assignee thereunder ("Mr. Brandt" or the "Assignee"). (Obj. ¶¶ 1, 10). MRB's accurate portrayal of the facts ends there.

4. Contrary to MRB's allegations (Obj. ¶¶ 1, 12), the ABC does not constitute a "'race'" to sell the assets of NY Metro Radio and KRB or an effort to sell their assets to an entity controlled by a shareholder of the assignors without marketing or soliciting competing bids for their assets, or to sell their assets for a *de minimis* sum. *See* Declaration of William A. Brandt, Jr., executed on December 12, 2019 ("Brandt Decl."), ¶¶ 10-16.

5. Contrary to MRB's allegations, (Obj. ¶¶ 1 and 12), the ABC does not effect the consolidation of KRB with NY Metro Radio. (*See* Brandt Decl., ¶ 17.)

6. While MRB suggests that the inclusion of at least six (6) creditors on the Consolidated Balance Sheet of KRB and NY Metro Radio indicates that the Alleged Debtor has more than one creditor (Obj. ¶ 2), the Assignee has determined that MRB is the sole creditor of

2

the Alleged Debtor (Brandt Dec. ¶ 11), and there is no evidence that the Alleged Debtor, alone, has any creditors other than the Petitioning Creditor. (*See* Brandt Decl., ¶ 11.)

7. MRB alleges in its objection that an "Asset Purchase Agreement [between Mr. Brandt, as assignee of KRB and NY Metro Radio, as sellers, and Dela Dover LLC, as purchaser] . . . was executed only to ensure that MRB could not collect on its judgment [against KRB]." (Obj. ¶ 14). MRB also alleges that the Asset Purchase Agreement "fail[s] to provide 'fair consideration,' or, in fact, any consideration for the benefit of creditors." (Obj. ¶¶ 14-15). Petitioning Creditor does not point out that the Agreement represents merely a "stalking horse offer" and is, by its terms, subject to any higher or better offer that may be made by a competing bidder. Section 5.12 of the Asset Purchase Agreement provides in the relevant part:

> Termination. This Agreement shall terminate if . . . the Purchased Assets are purchased by at a closing [sic] to a different Purchaser based upon a higher and better offer than that of the Purchaser as determined by the Seller in his sole and absolute discretion . . . .

(*See* Decl. of Douglas J. Pick in Opp., dated December 1, 2019 (ECF No. Doc. 15-1) ("Pick Decl."), Ex. D (ECF No. 15-4) (Asset Purchase Agreement) § 5.12.)

8. Moreover, Petitioning Creditor is simply wrong that the Asset Purchase Agreement provides for the sale of all assets of NY Metro Radio and KRB for only $50,000. In fact, as the Assignee explains in his declaration, the Asset Purchase Agreement has an aggregate value of almost $800,000. If Dela Dover LLC is the successful bidder, it will assume liabilities including payroll arrearage, vacation pay, prepaid advertising expenses and lease payments under the time brokerage agreement. The $50,000 refers only to the cash portion of the consideration proposed by the "stalking horse" bidder. (Brandt Decl., ¶ 14.)

9. Finally, Petitioning Creditor fails to mention that the submission and consideration of competing bids is intended to be governed by specific notice and bidding

3

procedures that Mr. Brandt, as assignee for the benefit of creditors, has submitted to the State Court for its consideration and approval. (*See* Pick Decl., Ex. C (ECF No. 15-3) (Order to Show Cause, filed Sept. 19, 2019, Sup. Ct., Queens Cty.); *see id.* (Declaration of William A. Brandt, Jr., executed on Sept. 18, 2019).)

10. The Petitioning Creditor has presented to this Court what it calls the "ultimate question"--*i.e.*,"whether the Assignors have the right to 'pay for and choose' their person of choice to liquidate their assets without consultation or input from MRB, its largest undisputed creditor [or, in the case of KRB, its only creditor] or, if MRB opposes the Assignors' choice, whether MRB can pursue an impartial party (an independent professional) that has not been paid a 'retainer' by the Assignors and whose loyalty creates no appearance of conflict or impartiality." (Obj. ¶ 21). In response to the foregoing "ultimate question," the New York courts have affirmatively answered "Yes." *See generally Compagnia Distribuzione Calzature, S.R.L. v. PSF Shoes, Ltd.*, 206 A.D.2d 343, 344, 613 N.Y.S.2d 931, 932-933 (2d Dep't 1994) ("*Compagnia Distribuzione*"); *Freeman v. Marine Midland Bank N.Y.*, 419 F. Supp. 440, 447 (E.D.N.Y. 1976).

11. As the Court in *Freeman* stated:

> A general assignment for the benefit of creditors has been defined as a voluntary transfer by a debtor of all his property, to ***a trustee of his own selection***, for administration, liquidation, and equitable distribution among his creditors. . . .
>
> The New York Debtor and Creditor Law specifically empowers the [State] court to adjudicate the validity of claims and to allow or disallow them. Moreover, the [State] court is granted broad equity powers to effectuate the administration of the estate. With respect to the allowance or disallowance of claims, the assignor is not an active participant. All property and every right of the assignor which he may properly convey or assign passes to the assignee for the benefit of creditors. It is the duty of the assignee to promptly report to the court

4

any claims presented to him which are incorrect, undisputed or not provable.

*Freeman*, 419 F. Supp. at 447 (emphasis added, and internal quotation marks and citations omitted); *see Compagnia Distribuzione*, 206 A.D.2d at 344.

12. Upon the foregoing, KRB respectfully submits that the ABC is an entirely appropriate process, authorized under New York law, in which the assets of KRB may be, and should be, administered.

13. KRB further submits that Mr. Brandt, with the support of Development Specialists, Inc., the company he founded and for which he serves as executive chairman, has the experience, expertise, and reputation necessary, appropriate, and desirable for a fiduciary to administer the estate of KRB, under the supervision of the State Court, and is at least as competent as, if not more competent than, any trustee that might otherwise be appointed to serve in that role in a bankruptcy concerning KRB. (*See* Brandt Decl., ¶¶ 1-6.)

14. To the extent that the Petitioning Creditor wishes to enforce its judgment against KRB, or to assert claims against NY Metro Radio, or has concerns with regard to Mr. Brandt's service as the assignee for the benefit of creditors in the ABC, the Assignee is available to address its judgment and its other claims, if any, and the State Court is open and available to resolve any disputes in that regard and to address any concerns with regard to Mr. Brandt. *See, e.g.*, N.Y. Debt. & Cred. Law §§ 8, 15 (McKinney 2014).

WHEREFORE, the Alleged Debtor respectfully requests that the Court (a) overrule the Objection, (b) enter an order dismissing the involuntary bankruptcy case or alternatively abstaining from the case, and granting the Alleged Debtor leave to move for an award of attorney's fees and costs; and (c) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 12, 2019

           SMITH, GAMBRELL & RUSSELL, LLP

           By:   /s/ John G. McCarthy
                John G. McCarthy
                Morgan V. Manley

           1301 Avenue of the Americas, 21st Floor
           New York, New York 10019
           (212) 907-9700

               - and -

           Brian A. Hall
           Ronald E. Barab
           SMITH, GAMBRELL & RUSSELL, LLP
           Promenade, Suite 3100
           1230 Peachtree Street, NE
           Atlanta, Georgia 30309
           (404) 815-3500

           *Attorneys for Alleged Debtor*
           *Korean Radio Broadcasting, Inc.*